IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 23, 2020 at Knoxville

**STATE OF TENNESSEE v. JESSE L. DABBS**

**Appeal from the Criminal Court for Davidson County
Nos. 90-S-827, 90-S-828    Joe P. Binkley, Jr., Judge**

**No. M2019-01732-CCA-R3-CD**

The pro se petitioner, Jesse L. Dabbs, appeals the Davidson County Criminal Court's summary dismissal of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jesse L. Dabbs, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June 1991, the petitioner entered a best interest guilty plea to five counts of aggravated rape and one count of aggravated kidnapping.  *See State v. Jesse L. Dabbs*, No. 01C01-9308-CR-00253, 1994 WL 504413, at *1 (Tenn. Crim. App., Nashville, Sept. 15, 1994).  The trial court imposed an effective sentence of 87 1/2 years' incarceration.  *Id.* The defendant appealed his sentence, arguing that the trial court erred by imposing consecutive sentences and by applying certain enhancement factors, and this court affirmed his sentence.  *Id.*, at *2-6.

In April 1997, the defendant filed a petition for writ of habeas corpus seeking relief on the ground that the indictment was fatally flawed. *Jesse L. Dabbs v. State*, No. 03C01-9806-CR-00199, slip op. at 2-3 (Tenn. Crim. App., Knoxville, Aug. 16, 1999).  The habeas corpus court summarily dismissed the petition, and this court affirmed the denial of habeas corpus relief.  *Id.*, slip op. at 2.  In May 2005, the petitioner sought relief via a

petition for post-conviction relief, attacking the validity of his guilty pleas and alleging the ineffective assistance of counsel. *Jesse Lane Dabbs v. State*, No. M2005-01727-CCA-R3-PC, 2006 WL 1626574, at *1 (Tenn. Crim. App., Nashville, June 9, 2006). The post-conviction court summarily dismissed the post-conviction petition as untimely, and on appeal, this court affirmed. *Id.*, at *3.

Also in May 2005, the petitioner filed a second petition for writ of habeas corpus, challenging the trial court's imposition of consecutive sentencing and application of certain enhancement factors. *Jesse L. Dabbs v. Jack Morgan, Warden*, No. E2006-00623-CCA-R3-HC, 2007 WL 283139, at *1 (Tenn. Crim. App., Knoxville, Feb. 1, 2007). After a hearing, the habeas corpus court denied relief, and this court affirmed, concluding that the petitioner's claims were "not cognizable in a habeas corpus action." *Id.*, at *2.

On July 11, 2019, the petitioner moved the trial court pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence, attacking the legality of his sentence on the ground that the trial court's application of the "dangerous offender" classification and certain enhancement factors was based on inaccurate and fraudulent evidence and "judicially determined findings."

The trial court summarily denied relief, finding that "the evidence and facts presented at the sentencing hearing were properly considered" and that the court did not err by applying the enhancement factors. The court concluded that the petitioner's motion sought to attack the veracity of "the underlying facts of the crimes committed and the effect that his actions had upon his victims and society as a whole," which claim is not cognizable in a Rule 36.1 proceeding.

In this timely appeal, the petitioner reasserts his argument that his sentence is illegal. The State argues that the petitioner has failed to state a colorable claim under Rule 36.1. We agree with the State.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478

S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, even considering all of the petitioner's allegations to be true, Rule 36.1 does not afford him relief. The defendant's sentences were authorized by statute at the time of his convictions and, therefore, cannot be classified as illegal in the context of Rule 36.1. *See Wooden*, 478 S.W.3d at 595 (stating that "[o]nly fatal errors render sentences illegal" and that fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authoried by any statute for the offenses" (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011); *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010))). The errors that the petitioner alleges are appealable errors—not fatal ones—and, consequently, are not cognizable in a Rule 36.1 proceeding. *See Wooden*, 478 S.W.3d at 595-96 (noting that "a trial court's erroneous 'consideration of . . . enhancement factors' [i]s the type of error that must be addressed on direct appeal because it does not render the sentence illegal" (quoting *Cantrell*, 346 S.W.3d at 451)); *State v. Rickie Reed*, No. W2016-02119-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, Feb. 28, 2017) (holding that because the law authorized the trial court to impose consecutive sentences on a finding that the petitioner was a dangerous offender, the assertion that the trial court erred by ordering consecutive sentences on that ground was not a claim cognizable in a Rule 36.1 motion); *State v. Robert Guerrero*, No. M2016-00481-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Aug. 9, 2016) (stating that a trial court's error in its "methodology and reason for imposing . . . consecutive sentences" does not render sentences illegal for the purposes of Rule 36.1).

Furthermore, even if the petitioner's claims were cognizable in a Rule 36.1 motion, his claims have been previously determined adversely to him. *See Jesse L. Dabbs*, 1994 WL 504413. In his direct appeal, this court upheld the trial court's designation of the petitioner as a dangerous offender and imposition of consecutive sentences. *Id.*, at *3-4. This court also found no error in the trial court's application of enhancement factors. *Id.*, at *5-6. Previous adjudication of an issue bars the petitioner from raising the issue anew in a subsequent petition. *See State v. Ricky Flamingo Brown*, No. M2015-01754-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Mar. 15, 2016) ("Rule 36.1 may not be used to relitigate those issues that have been previously determined."); *accord Young v. State*, 539 S.W.2d 850, 854 (Tenn. Crim. App. 1976).

Accordingly, we discern no error in the trial court's denial of the petitioner's motion, and we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE